**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN JOY ZEMEK,<br><br>Petitioner,<br><br>v.<br><br>ANISSA DE LA CRUZ, Warden,<br><br>Respondent. | Case No. 5:24-cv-02642-MEMF (BFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 18.) Petitioner objects to the Report's analysis of her claim that her Sixth Amendment right to a public trial was violated. (ECF No. 20 at 5-15.) Because the trial was held during the COVID-19 pandemic in October 2020, Petitioner's husband and her sister were not permitted to watch the trial from within the courtroom but, instead, the trial court permitted the public to follow the trial via livestream. (ECF No. 16-36 at 6.) Petitioner's objections do not merit a change to the Report's findings or recommendations.

Petitioner objects that she has cited numerous cases "that allowed members of the public to attend when this complied with social distancing requirements." (ECF No. 20 at 11.)  The California Court of Appeal's rejection of this argument was not objectively unreasonable.  As the California Court of Appeal found, "[a]lthough social distancing could lessen possible virus exposure, it was no guarantee.  In the face of the increasing threat of COVID-19, we cannot fault the trial court here for limiting the individuals physically in the courtroom to those necessary for the trial:  the parties, attorneys, courtroom personnel, jurors, and testifying witnesses." (ECF No. 16-36 at 19-20.)

Petitioner objects that closure of the courtroom was not essential "in light of the fact that the two people who wished to attend could be seated under social distancing requirements, or they could replace the second prosecutor and one or two alternate jurors." (ECF No. 20 at 11, 16.)  The Court agrees with the Report that the argument "misses the mark." (ECF No. 18 at 17.)  "Trial courts are required to consider reasonable alternatives to closure but need not consider alternatives 'that would potentially have a significant impact on the defendant's right to a fair trial [or] substantially alter the nature of the proceedings.'" (*Id*. at 17-18 (quoting *United States v. Yazzie*, 743 F.3d 1278, 1290 (9th Cir. 2014).)

Petitioner similarly objects that the California Court of Appeal, in rejecting the claim, relied on cases that did not involve the circumstances of this case.  (ECF No. 20 at 11.)   The circumstances were "that there was space in the courtroom for the public under social distancing protocol" and that Petitioner's relatives could have taken "the place of persons with no constitutional right to attend but who were allowed to attend." (*Id*.)  As stated above, it was not objectively unreasonable for the California Court of Appeal to conclude that the trial court cannot be faulted for limiting the individuals physically in the courtroom, and it would have substantially altered the nature of the proceedings to exclude an alternative juror or prosecuting attorney.

Petitioner objects that the Report's analysis does not comport with *Waller v. Georgia*, 467 U.S. 39 (1984), under which Petitioner argues that members of the public who wish to attend a trial need not "establish conclusively that their attendance would not result in the spread of the virus." (ECF No. 20 at 15.) But it was not objectively unreasonable for the California Court of Appeal to conclude that the exclusion of the public was narrowly tailored to achieve its interest of prohibiting the spread of the COVID-19 virus. As the California Court of Appeal reasoned, the trial was held in October 2020, and "[i]n a time with no vaccinations, stay-at-home orders, and rising infection, hospitalization, and death rates in Riverside County, we think it unfair, from our pristine perch in May 2023, to declare that the trial court did not narrowly tailor its order to address the crisis because it simply did not allow [Petitioner's] spouse and sister to sit in the back of the courtroom during the trial." (ECF No. 16-36 at 19.) Even for trials postdating the October 2020 trial in this case, federal courts have held that the closures of courtrooms for COVID-19 protocols were permissible where, as here, the public had access to a video feed of the trial. *See United States v. Smith*, 117 F.4th 584, 596-600 (4th Cir. 2024) (2022 trial); *United States v. Hunt*, 82 F.4th 129, 140-42 (2d Cir. 2023) (2021 trial); *United States v. Ansari*, 48 F.4th 393, 401-03 and n.10 (5th Cir. 2022) (2021 trial; commenting that such measures may become unjustified over time, so that what was "deemed reasonable for this trial in May of 2021 may be patently unreasonable in May of 2023").

Petitioner objects that the Report incorrectly relied on *Wright v. Van Patten*, 552 U.S. 120 (2008), to determine that Petitioner's claim was not governed by clearly established federal law. (ECF No. 20 at 16.) The Court agrees with the Report that it is not clearly established by Supreme Court precedent "that a trial court is required to tolerate a certain measure of risk to the health of required participants in order to facilitate in-person attendance of a criminal trial by the public, even where spectators are provided an audio and video feed." (ECF No. 18

at 17.)  Indeed, it is clearly established "that the right to an open trial may give way in certain cases to other rights or interests[.]" *Waller*, 467 U.S. at 45.  "Stemming the spread of COVID-19 is unquestionably a compelling interest." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18 (2020).

Petitioner similarly objects that the Report unreasonably rejected her argument that there were alternatives to closure, such as reducing the number of alternative jurors or prosecuting attorneys in the courtroom.  (ECF No. 20 at 17.)  In particular, Petitioner argues that the parties could have stipulated to deciding the case by fewer than twelve jurors if they ran out of alternates, or one of the prosecuting attorneys could have watched the trial in another room via livestreaming.  (*Id.*)  The Court again agrees with the Report that the trial court was not required to consider such alternatives, which would "materially change the nature of the proceedings."  (ECF No. 18 at 17-18 (citing *Yazzie*, 743 F.3d at 1290)).

## ORDER

It is ordered that (1) the Report and Recommendation is accepted and adopted; (2) the Petition is denied; and (3) Judgment will be entered dismissing this action with prejudice.

DATED: March 5, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

4